

Richard Rideout, Esq.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
(307) 6320-1901

FILED
DISTRICT OF WYOMING
CHEYENNE

'00 FEB 3 PM 3 41

CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

R.C.R., INC., a Wyoming          )
Corporation; JON R. GRAY and     )
MARTHA K. GRAY,                  )
                                 )
      Plaintiffs,                )
                                 )
                                 )
vs.                              )     Case No. _____
                                 )
                                 )
                                 )
ROBERT E. DELINE and ANNABELLE)
M. DELINE; GARY L. PALMER and    )
NANCY J. PALMER; KIRK COMPANY,)
a Texas Partnership; and THE     )
BOARD OF COUNTY COMMISSIONERS )
OF CARBON COUNTY, WYOMING,       )
ARTLIN ZEIGER, LINDA FLEMING, )
and LEE MEACHAM, in their        )
official capacities as members)
of the Board of County           )
Commissioners, Carbon County, )
Wyoming,                         )
                                 )
      Defendants.                )

**00CV 024 -J**

**NOTICE OF REMOVAL**

COME NOW the Defendants in the above-entitled matter,

the Board of County Commissioners of Carbon County,

1

Receipt # 290964
Summons:_____ issued

Wyoming, and Artlin Zeiger, Linda Fleming, and Lee Meacham,
in their official capacities ("Defendants," "the Board," or
as individually identified), by and through their counsel,
Richard Rideout, Esq., of the Law Offices of Richard
Rideout, PC, Cheyenne, Wyoming, and pursuant to 28 U.S.C.
§1446, Rule 81 of the Federal Rules of Civil Procedure
("Fed.R.Civ.P."), and Rule 81.1 of the Local Rules of the
United States District Court for the District of Wyoming
("USDCLR"), hereby give Notice of the removal of this
matter to the United States District Court for the District
of Wyoming from State of Wyoming District Court, Second
Judicial District, Carbon County, Wyoming, and in support
of this Notice Of Removal, state and represent as follows.

1. The removing parties are Defendants in an action
which was commenced by the filing of a Complaint in the
District Court, Second Judicial District, Carbon County,
Wyoming, Civil Action No. CV-00-0012, entitled "*R.C.R.,
Inc., a Wyoming Corporation; Jon R. Gray and Martha K.
Gray, Plaintiffs vs. Robert E. Deline and Annabelle M.
Deline; Gary L. Palmer and Nancy J. Palmer; Kirk Company, a
Texas Partnership, and the Board of County Commissioners,
Carbon County, Wyoming, Artlin Zeiger, Linda Fleming, and
Lee Meacham, in their official capacities, Defendants,*

2

Civil Action No. CV-00-0012. The Complaint was filed on
January 13, 2000.

2.   The Complaint was served on the Board on January
18, 2000 and an answer or other responsive pleading has
not, as yet, been filed. This Notice Of Removal is filed
within 30 days from the date of service of the Complaint,
as provided for in 28 U.S.C. §1446(b). Other than the
Complaint, as of this date, the only other pleading in the
State Court file is the Plaintiffs' Motion Peremptory
Disqualification Of Judge and a Notice Of Hearing on the
Plaintiffs' Motion. No further proceedings have occurred
in the State District Court.

3.   The Complaint sets forth a series of statements
of fact in which the procedural history of the action is
set forth and that, in summary, allege that the actions of
the Board of County Commissioners, in the course of the
establishment of a "Private Road" undertaken pursuant to
Wyo. Stat. §§24-9-101, *et seq.*, violated their civil
rights, deprived them of procedural and substantive due
process, deprived the Plaintiffs of the "equal protection
... of the law," constituted the "taking of private
property without just compensation," and effected a
deprivation of their civil rights. The Complaint
specifically states that the conduct and actions of the

Board, "and the individual County Commissioners ...
unconstitutionally deprived the Respondent and Jon R. Gray
and Martha K. Gray [Plaintiffs] of their Federal Civil
Rights in contravention of 42 USCS §1983." (Plaintiffs
Complaint, paragraph 12(v))(Material omitted and bracketed
material added). The Complaint also generally alleges that
the Wyoming Statutes at issue violate the Wyoming and
United States Constitutions.

The balance of what appear to be the claims or causes
of action set forth in the pleading in subheadings and are
entitled "Unlawful Rule Making," "Failure To Include
Necessary Parties," "Failure To Hear Evidence," and
"Illegal Subdivision," and appear to in substance address
the purported procedural or substantive defects of the
hearing and the conduct of the Board rather than to attempt
to frame a specific and separate legal or factual basis of
recovery, and the factual allegations within these
individual subheadings are replete with allegations that
the conduct, action, or inaction of the Board operated to
deprive the Plaintiffs of their constitutional rights.

This Court has original jurisdiction of the
constitutional issues raised in the Complaint which are
brought pursuant to the U.S. Const. amend. V and XIV and 42
U.S.C. §1983, by reason of and under 28 U.S.C. §1331

(federal question jurisdiction).  This action is,
therefore, removable to this Court pursuant to 28 U.S.C.
§1441(b).  The Court also has supplemental jurisdiction of
the remaining claims, or causes of action, to the extent
plead in the Complaint, under 28 U.S.C. §1367(a).

4.  A copy of the Complaint is attached to this
Notice Of Removal, together with a copy of the Motion For
Peremptory Disqualification Of Judge and the Notice Of
Setting on the Motion, marked as "Exhibits A, B, and C,"
respectively, and incorporated herein by this reference.
These documents constitute the entire contents of the State
District Court file in this case as of this date, other
than summons and returns of summons as to these Defendants
and to the Attorney General of the State of Wyoming (the
Complaint challenges the constitutionality of the specified
Wyoming Statutes and, by State law, the Attorney General
must be served under such circumstances).

WHEREFORE, the Defendants respectfully request that
the civil action now pending in the State of Wyoming
District Court, Second Judicial District, Civil Action No.
CV-00-0012, be removed to the United States District Court
for the District of Wyoming.

Dated this 3rd day of February, 2000.

BOARD OF COUNTY COMMISSIONERS OF
CARBON COUNTY, WYOMING, ARTLIN
ZEIGER, LINDA FLEMING, and LEE
MEACHAM, in their official
capacities, Defendants

By: _____
RICHARD RIDEOUT, ESQ.
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
(307) 632-1901

ATTORNEY FOR THE DEFENDANTS


## CERTIFICATE OF SERVICE

I, RICHARD RIDEOUT, do hereby certify that a true and
correct copy of the foregoing **NOTICE OF REMOVAL** was served
by depositing the same in the United States mail, postage
prepaid, this 3rd day of February , 2000, addressed as
follows:

Kermit C. Brown, Esq.
Brown, Nagel, Waters & Hiser, LLC
515 Ivinson Avenue
P.O. Box 971
Laramie, Wyoming  82073-0971
(307) 745-7458

Hon. Gay Woodhouse
Attorney General of the State of Wyoming
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, Wyoming  82002

_____
RICHARD RIDEOUT, ESQ.

## IN THE DISTRICT COURT, SECOND JUDICIAL DISTRICT, IN AND FOR CARBON COUNTY, WYOMING

R.C.R., INC., a Wyoming     )
Corporation; JON R. GRAY AND     )
MARTHA K. GRAY,     )
    )
       Plaintiffs,     )
    )
    )
vs.     )
    )
ROBERT E. DELINE AND     )
ANNABELLE M. DELINE; GARY L.     )
PALMER AND NANCY J. PALMER;     )
KIRK COMPANY, A TEXAS     )
PARTNERSHIP; and BOARD OF     )
COUNTY COMMISSIONERS,     )
CARBON COUNTY, WYOMING,     )
ARTLIN ZEIGER, LINDA     )
FLEMING AND LEE MEACHAM in     )
their official capacities as members     )
of the Board of County     )
Commissioners, Carbon County,     )
Wyoming.     )
    )
       Defendants.     )

STATE OF WYOMING)
COUNTY OF CARBON) ss.
FILED

JAN 13 2000

LINDY L. SCHMIDT
CLERK OF DISTRICT COURT

BY_____
DEPUTY

Civil Action No. CV- 00-0012

Served 1/18/00
Linda Smith
Answer Due 2/8/00
Tickle 2/3/00

## COMPLAINT

COME NOW the Plaintiffs, R.C.R., Inc., a Wyoming Corporation, Jon R. Gray and Martha K. Gray, by and through their attorneys Brown, Nagel, Waters & Hiser, LLC and for their Complaint against the Defendants do hereby state and allege as follows:

### FACTS COMMON TO ALL ISSUES

1.     Plaintiff R.C.R., Inc. is a Wyoming Corporation owning real property located within Carbon County, State of Wyoming. Plaintiffs Jon R. Gray and Martha K. Gray, husband and wife, are the sole shareholders of Plaintiff, R.C.R., Inc., and are the holders of an interest in real property located within Carbon County, State of Wyoming as set forth herein.

2.     Defendants Robert E. Deline, Annabelle M. Deline, Gary L. Palmer, Nancy J. Palmer and Kirk Company are the owners of real property located in Carbon County, State of Wyoming.

3.     Defendants Artlin Zeiger, Linda Fleming and Lee Meacham are the duly elected members of the Board of County Commissioners in and for Carbon County, State of Wyoming and are named in their official capacities as the Board of County Commissioners of Carbon County. Defendant Board of Commissioners is the entity established by Wyoming Statutes §24-9-101 *et*



**EXHIBIT**

01/17/1995  23:31    13073248117          WKWTLAW                    PAGE  03

JAN-14-00 FRI 13:51      ,LLC              FAX NO. 13077457388          P.04/19

*seq.* (hereinafter referred to as the "Wyoming Private Road Statutes") with
the authority to establish and locate private roads and hear and assess
damages in private road matters.

    4.    Jurisdiction and venue are proper in this Court.

    5.    On or about September 16, 1997, Defendants Robert E. Deline,
Annabelle M. Deline, Gary L. Palmer, Nancy J. Palmer and Kirk Company
filed a Petition for a Private Road (hereinafter "Private Road Action") naming
R.C.R., Inc., and Alex J. Horst as Contestees/Respondents. Said Private Road
Action was filed with the Board of Commissioners of Carbon County. Said
action sought to establish a private road across land owned by the
Contestees/Respondents located in Carbon County, State of Wyoming.

    6.    Plaintiffs Jon R. Gray and Martha K. Gray are the owners of an
equitable interest in part of the land subject to the Private Road Action. As a
result of that interest and in an attempt to protect said interest, on or about
September 29, 1998, said Plaintiffs filed a Motion to Intervene as
Respondents in the Private Road Action. Said Jon R. Gray and Martha K.
Gray were not allowed to intervene on the basis that the Wyoming Private
Road Statutes do not allow holders of equitable interest to participate in
Private Road Actions.

    7.    A bank located in Carbon County, The Bank of Commerce, is the
holder of a mortgage on a portion of the real property subject to the Private
Road Action. Said bank was not made a party to the Private Road Action
despite having a legally recognized interest in the real property subject to the
Private Road Action. Said bank may have its rights jeopardized as a result of
the Private Road Action.

    8.    During the course of the Private Road Action, numerous legal
issues were raised and ruled upon. Questions as to the constitutionality of
the Wyoming Private Road Statutes cannot be decided by the agency in the
Private Road Action. See *Riedel v. Anderson*, 972 P.2d 586 (Wyo. 1999).

    9.    Defendant Board of Commissioners, acting through its Defendant
members, determined that a private road would be located over land owned
by Plaintiff R.C.R., Inc., as more fully set forth in its *Order Adopting Hearing
Officer's Recommended Findings of Fact, Conclusions of Law and Order and
Order Establishing a Private Road* entered December 7, 1999, a copy of which
is attached hereto.

    10.    Plaintiffs R.C.R., Inc., Jon R. Gray and Martha K. Gray have
been injured in fact by the actions of the Board of County Commissioners in
allowing a private road to be established over real property which said
Plaintiffs claim an interest in favor of the Contestants/Petitioners in the
Private Road Action.

    11.    Plaintiffs R.C.R., Inc., Jon R. Gray and Martha K. Gray are
persons harmed or affected by the application of the Wyoming Private Road

01/17/1995  23:31   13073248117                    WKWTLAW                           PAGE  04

JAN-14-00 FRI 13:52   P   LC               FAX NO. 13077457385              P. 05/19

Statutes and who are entitled to a determination of the constitutionality and
validity of W.S. §24-9-101 *et seq.* with a declaration of their rights based
thereon.

## CONSTITUTIONAL ISSUES

12.  Wyoming Private Road Statutes §24 9-101 *et seq.* constitutes an
unlawful exercise of power under both the Constitution of the State of
Wyoming and the Constitution of the United States.  Among the infirmities,
the said statute is defective in one or more of the following ways:

a.   They deprive the Plaintiffs of their right to procedural due
process as required under the 5th and 14th Amendments to the
Constitution of the United States and Article I, Sections 6, 32 and
33 of the Constitution of the State of Wyoming.

b.   They deprive the Plaintiffs of their right to substantive due
process as required under the 5th and 14th Amendments to the
Constitution of the United States and Article I, Sections 6, 32 and
33 of the Constitution of the State of Wyoming.

c.   They deprive the Plaintiffs their right to equal protection under
the law inasmuch as the statute gives the private road petitioner
the exclusive right to the total exclusion of the Board of County
Commissioners to determine the location of the private road to
the detriment of Plaintiffs and without consideration of property
owned by the private road petitioners or their alter ego.   In
addition, the statute unconstitutionally precludes the viewers
from considering a private road across lands not designated by
the private road petitioner.

d.   They deprive the Plaintiffs of their right to be heard on the issue
of location.

e.   They deprive the Plaintiffs of their right to be heard on the issue
of damages.

f.   To the extent damages may be awarded, the damages allowed
under Wyoming law constitute a taking of private property
without just compensation in that current Wyoming law fails to
provide full and complete compensation to the owner of the
servient estate. The statute fails to compensate the owner of the
servient estate for damages sustained if the owners of the
dominant estate make a change in the current use of their
property.

g.   They are void and unconstitutional as they conflict with the
Warranty Deed Statute, W.S. §34-2-103, wherein the grantor is
required to warrant quiet and peaceful possession of the
premises.

h.   They deprive the Plaintiffs of their right to have alternate routes across property not designated by the Petitioners included for consideration by the viewers.

i.   They deprive the viewers of the opportunity to designate alternative routes across the property of others which the Petitioner of the private road have not included in the petition.

j.   They deprive the Plaintiffs of the right to join other landowners in the Private Road Action and have the viewers consider locating a private road across lands owned by anyone other than property owners designated by the private road petitioner.

k.   They deprive persons or entities who hold legally recognized interests in the property other than "owners" from claiming damages to their interests in the real property. Said interests include those holders of mortgage or other security interests, equitable ownership interests and persons holding options to purchase the real property in question. In the case of the Private Road Action, the Bank of Commerce, referred to in paragraph 7, would be an example of such a person/entity.

l.   They constitute a taking of property for a private purpose and not a public purpose.

m.   They constitute a taking of property by enlarging a pre-existing easement held by Jon R. Gray and Martha K. Gray as recorded in book 863 at page 893 of the Carbon County records.

n.   Exceeds the Wyoming Constitution's allowance of taking for a way of necessity as set forth in Article 1, Section 32 of the Wyoming Constitution.

o.   The statutes are vague and ambiguous and/or constitute an unconstitutional taking of private property rights in that the statute allows the private road petitioners to expropriate more property rights than are necessary to serve the purpose of the private way. There is also no recognized method for terminating a private road once one is established and the alleged need for the road no longer exists.

p.   The statutes are unconstitutional in that they authorize private individuals to take more property rights than are reasonable, necessary and/or appropriate. Specifically, it allows the owners of the dominant estate to obtain a private road in perpetuity when the only right such owners allegedly need is some legally enforceable access until a public way becomes available.

q.   They violate the 5th and 14th Amendments by specifying an impermissible class to act as electors, limiting the class to freeholders and electors.

01/17/1995  23:31   13073248117                WKWTLAW                      PAGE  06

JAN-14-00 FRI 13:53      '    LLC              FAX NO. 13077457385              ⁀. 07/19

r.  They constitute an impermissible delegation of power and authority to the applicant.

s.  They authorize an unlawful taking of property for private purpose in violation of the 5th and 14th Amendments to the United States Constitution. In addition, said statutes constitute an unconstitutional delegation of the powers of eminent domain, wherein the power is removed from the State and placed into the hands of private citizens.

t.  They authorize an unlawful delegation of authority. A Private Road Action is not a contested case hearing. It is a legislative or argumentative type proceeding before the Board of County Commissioners solely for the purpose of helping them understand whether the legal criteria for proceeding exists, or does not exist. If they decide incorrectly on the facts before them, that decision is not a decision of record and is subject to consideration *de novo* by the District Court on challenge to the proceedings. The Wyoming Administrative Procedure Act does not apply to this proceeding. Consistent with the foregoing arguments, a Hearing Officer should not have been involved in these proceedings at all.

u.  By making rulings on the admisibility of evidence and denying parties the right to intervene, the Hearing Officer unconstitutionally exceeded his authority in these proceedings. The Hearing Officer should have provided no more than procedural assistance to the Board of County Commissioners and is without authority to exclude evidence or exclude matters to be considered by the Board.

v.  The action of the Board of County Commissioners, and of the individual County Commissioners and the Hearing Officer, in entering findings and making an order in accordance with the *Recommended Finding of Fact and Order*, unconstitutionally deprived Respondent, and Jon R. Gray and Martha K. Gray of their Federal Civil Rights in contravention of 42 USCS § 1983.

13.  The foregoing have wrongfully and unconstitutionally deprived the Plaintiffs of the use of their land and/or their interests in such land.

## UNLAWFUL RULE MAKING

14.  On April 7, 1998, the Board of Commissioners adopted "Rules of Practice Governing Hearings and Contested Cases Before the Carbon County Board of Commissioners."

15.  Said rules were illegally and/or improperly adopted in a manner contrary to applicable law by the Board of Commissioners and are therefore invalid and unenforceable. Specifically, said Rules of Practice were adopted

on an emergency basis without advance notice to the public when in fact no bona fide emergency existed.

16.   Plaintiff R.C.R., Inc., in the Private Road Action, objected to the implementation of the said rules; however, the Board of Commissioners failed and/or refused to rescind said rules. Said rules deprive Plaintiffs substantive and procedural due process inasmuch as they impose a scheduling order which contains unreasonable deadlines and does not allow Plaintiffs an adequate opportunity to prepare its case, obtain necessary evidence and prepare a defense.

17.   The Board of Commissioners have imposed the illegally and/or improperly adopted Rules of Procedure against the Plaintiff in the Private Road Action.

18.   Plaintiffs have exhausted its administrative remedies and is entitled to an injunction and/or a Court decree determining and declaring that the adoption of the Rules of Practice was unlawful and that said Rules of Practice may not be imposed upon the Plaintiff in the Private Road Action.

### FAILURE TO INCLUDE NECESSARY PARTIES

19.   Jon R. Gray and Martha K. Gray claim an equitable or other property interest in the real property owned by Alex J. Horst who is a party to the Private Road Action. Others also claim ownership interests in the property, such as mortgagees, who also have not been included in the action.

20.   The validity of said equitable or other property interest was disputed in that certain proceeding entitled *Alex J. Horst v. Jon R. Gray and Martha K. Gray*, Civil Action Number CV-97-0203 filed with the District Court, Second Judicial District, Carbon County, State of Wyoming.

21.   As a result of their equitable or other property interest in the real property, Jon R. Gray and Martha K. Gray are necessary and proper parties in the Private Road Action. Jon R. Gray and Martha K. Gray have not been made parties to the Private Road Action.

22.   Proceeding with the Private Road Action will cause permanent and irreparable injury to the equitable property interests held by Jon R. Gray and Martha K. Gray without due process of law.

23.   Plaintiffs are entitled to an injunction prohibiting the Board of Commissioners from proceeding with the Private Road Action unless and until the real parties in interest have been identified and the proper and necessary parties are included.

### FAILURE TO HEAR EVIDENCE

24.   During the course of the proceedings, the Defendant Board of County Commissioners assigned a Hearing Officer who made rulings on the

admissibility of the evidence.  Said rulings were made prior to and during formal hearings before the Board of County Commissioners.

25.  In making his decisions, the Hearing Officer made rulings deciding what evidence would and would not be heard by the Board of Commissioners.  Such rulings were adverse to the interests of Plaintiff R.C.R., Inc., and were made outside of the presence of the Board of Commissioners.

26.  That at the time of the formal hearings before the Board of Commissioners, the Plaintiff R.C.R., Inc., was precluded from introducing evidence which it felt was necessary to be heard by the Board of Commissioners.

27.  R.C.R., Inc., was denied its right to have an opportunity to be fully heard before the Board of Commissioners.

28.  By allowing the Hearing Officer to make rulings on the admissibility of evidence, the Board of Commmissioners abdicated its responsibility to hear the evidence and determine the admissibility thereof, thus depriving Plaintiff R.C.R., Inc. an opportunity to be fully heard.

## ILLEGAL SUBDIVISION

29.  Since 1972, Carbon County by and through its Board of County Commissioners have had in effect subdivision and zoning regulations which have been amended and modified over the years.

30.  In 1980, the Defendant Board of County Commissioners approved an amended resolution adopting "Subdivision Regulations of Carbon County, Wyoming" (hereinafter "Subdivision Regulations").   Said Subdivision Regulations were made effective on March 5, 1980, and remain in effect at the present time.

31.  The Subdivision Regulations impose a duty to enforce such regulations upon the Defendant Board of Commissioners as follows:

> 1.10.01  It shall be the duty of the Board, or its duly appointed representative, to enforce the provisions of these regulations.   No final plat of a subdivision shall be approved by the Planning Commission and approved by the Board unless it conforms to the provisions of these regulations.

32.  The said Subdivision Regulations set forth certain minimum requirements which must be met in order to obtain a subdivision permit, including, but not limited to, a requirement that there be adequate access to the subdivision.

33.  In addition to laws applicable to subdivisions, Wyoming statutes also set forth requirements relating to platting.  Wyoming Statute §34-12-102 requires that the original owners of any tract or parcel of land which divides

such land into three or more parcels to cause a plat to be filed.   Wyoming
Statute §34-12-103 requires such a plat to meet the approval of the Board of
County Commissioners if the land in question is outside the boundaries of
any city or town.

34.   With the exception of property located within proper municipal
corporation and by virtue of the applicable Wyoming statutes and the
Subdivision Regulations, the Board of County Commissioners have a duty to
enforce all platting and subdivision statutes and the Subdivision Regulations
relating to land located within Carbon County, State of Wyoming.

35.   Rainbow Canyon, Inc. is the owner of real property located within
the jurisdiction of the Board of County Commissioner, said property being
located generally within a parcel described as follows:

> Township 15 North, Range 83 West of the 6th P.M.:
> Section 9:  E1/2SE1/4 and SW1/4SE1/4

36.   Over the course of several years, Rainbow Canyon, Inc. sold
various portions of the above said real property to various individuals owning
a portion of the shares of said Rainbow Canyon, Inc.  The sale and transfer of
such property was in violation of applicable Wyoming law relating to platting
and/or subdivisions.

37.   The Contestants/Petitioners in the Private Road Action obtained
title to their land from Rainbow Canyon, Inc. which has failed and/or refused
to comply with applicable law including Wyoming statutes relating to platting
and subdivisions and the Subdivision Regulations. Rainbow Canyon, Inc. has
sold and/or transferred property to individuals involved in the Private Road
Action in violation of applicable statutes, rules and/or regulations.  The filing
of the Private Road Action is not in good faith and as such the action should
be barred.

38.   The Contestants/Petitioners in the Private Road Action are now
the owners of alleged landlocked parcels sold by Rainbow Canyon, Inc. in
violation of the applicable statutes and/or regulations.  The failure of the
Board of Commissioners to enforce the applicable statutes and/or Subdivision
Regulations have caused harm and damages to Plaintiffs.

39.   The Contestants/Petitioners in the Private Road Action are the
principles of Rainbow Canyon, Inc., a private fishing club, and upon
information and belief, said Contestants/Petitioners own three of the four
outstanding shares of Rainbow Canyon, Inc., and Rainbow Canyon, Inc. is the
alter ego of Contestants/Petitioners.

40.   Upon information and belief, Contestants/Petitioners in the
Private Road Action have used land owned by Rainbow Canyon, Inc. to access
their lots and either own or have the ability to obtain the legal right to use
lands owned by Rainbow Canyon, Inc. to obtain access to their lots.

41.   Rainbow Canyon, Inc. has benefited from its failure/refusal to comply with applicable Subdivision Regulations inasmuch as it has not been required to provide access to the properties it has sold, and now the principles of Rainbow Canyon, Inc. are attempting to have a private road established over the property of R.C.R., Inc. as opposed to having to provide access across its own property.

42.   That said Private Road Action would not have been brought if the Contestants/Petitioners alter ego had complied with the statutes and regulations applicable to platting and subdivisions.

43.   The Contestants/Petitioners in the Private Road Action would have an outlet or connection with a public road if Rainbow Canyon, Inc. had complied with applicable Subdivision Regulations.

44.   The Contestants/Petitioners could have filed for an action for a private road against Rainbow Canyon, Inc., but failed to do so in order to preserve the value of the land owned by their alter ego.

45.   That by excluding Rainbow Canyon, Inc. from the Private Road Action, the viewers, if appointed, will be precluded from considering any private roadway which crosses the property owned by Rainbow Canyon, Inc.

46.   That the Wyoming Private Road Statutes found at W.S. §24-9-101 et seq. is unconstitutional inasmuch as it authorizes an unlawful taking of property for private purpose in violation of the 5th and 14th Amendments to the United States Constitution.   In addition, said statutes constitute an unconstitutional delegation of the powers of eminent domain wherein the power is removed from the State and placed into the hands of private citizens.

47.   Plaintiff has requested that the Board of Commissioners take action to enforce the applicable platting and/or zoning statutes as well as the Subdivision Regulations.   The Board of Commissioners has failed and/or refused to enforce said statutes and require Rainbow Canyon, Inc. to come into compliance with the statutory and regulatory requirements.

48.   Plaintiff is without an adequate remedy at law and must therefore file this Complaint in equity demanding that the Board of Commissioners fully enforce the applicable statutes and Subdivision Regulations and require Rainbow Canyon, Inc. to immediately comply with the applicable regulations and statutes.

49.   Plaintiffs have been harmed as a result of Defendant's failure to enforce its own rules and regulations.


WHEREFORE, Plaintiffs prays for relief as follows:

1.   That the Wyoming Private Road Statutes be declared unconstitutional and unenforceable against the Plaintiffs in this action.

2.    That the Court immediately enter an order prohibiting and enjoining the Board of Commissioners from continuing with the Private Road Action unless and until such time as Rainbow Canyon, Inc., its assigns and transferees have come into full and complete compliance with all applicable statutes, laws, rules and regulations pertaining to platting, zoning and subdivisions.

3.    The Court enter its order requiring the Board of Commissioners to take all necessary and proper steps to require Rainbow Canyon, Inc. to comply with the applicable statutes, laws, rules and regulations pertaining to platting, zoning and subdivisions.

4.    That the Court immediately enter an order prohibiting and enjoining the Board of Commissioners from proceeding with the Private Road Action until such time as all necessary and proper parties are determined and made a part of the Private Road Action.

5.    For such other and additional relief as may be just and proper.

Dated this 12th day of January, 2000.

                              BROWN, NAGEL, WATERS & HISER, LLC


                    By: _____
                         Kermit C. Brown
                         Brown, Nagel, Waters & Hiser, LLC
                         P.O. Box 971
                         Laramie, WY 82073-0971
                         (307) 745-7458
                         Its Attorneys

01/17/1995   23:31      13073248117                 WKWTLAW                              PAGE   12

JAN-14-00 FRI 13:57         ', LLC                   FAX NO. 1307745738F              P. 13/18

## BEFORE THE BOARD OF COUNTY COMMISSIONERS OF CARBON COUNTY

## STATE OF WYOMING

| | |
|---|---|
| In the matter of the Application | ) |
| of Robert E. Deline and Annabelle M. Deline; | : |
| Gary L. Palmer and Nancy J. Palmer; and, | ) |
| Kirk Company, a Texas partnership; | : |
| Applicants for a private road, | ) |
| | : |
| Contestants/Petitioners, | ) |
| | : |
| vs. | ) |
| | : |
| R.C.R., Inc., a Wyoming corporation, and | ) |
| Alex J. Horst, | : |
| | ) |
| Contestees/Respondents | : |
| | ) |



### ORDER ADOPTING HEARING OFFICER'S
### RECOMMENDED FINDINGS OF FACT,
### CONCLUSIONS OF LAW AND ORDER
### AND ORDER ESTABLISHING A PRIVATE ROAD

The duly-appointed Hearing Officer, Eric A. Easton ("Hearing Officer") having entered his recommended Findings of Fact and Order on the ___ day of November, 1999, and the Carbon County Board of Commissioners ("Board") having reviewed the same and being fully advised, adopts such findings in their entirety and enters this Order Establishing a Private Road consistent with the provisions of W.S. §§ 24-9-101 through 29-9-103 (1999 Ed.), as herein provided.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the recommended Findings of Fact, Conclusions of Law and Order entered by the Hearing Officer, together with all of the rulings and decisions made by the Hearing Officer during the course of these proceedings be, and the same are hereby adopted by the Board.

1

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Report of the Viewers
and Appraisers filed herein on June 21, 1999, be and the same is hereby approved, ratified,
confirmed and adopted by the Board.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a private road, 30 feet in
width, be and the same is hereby established over and across Section 16 of Township 15 North,
Range 83 West of the 6th P.M., as more particularly described on Exhibits "A," "B" and "C," attached
hereto and made a part hereof by this reference, which road shall be appurtenant to and for the
benefit of those lands described as follows ("Benefited Lands"):

A tract described as beginning at a point 1310 feet West and 230 feet North of the
Southeast Corner, Section Nine (9), Township Fifteen (15) North, Range Eighty-
Three (83) West; thence North 30° no minutes, East 225 feet to the right bank of
Grand Encampment River; thence South-Westerly along said right bank, 500 feet
more or less to the North-West Corner of Lot No. 2, thence South 60° no minutes
East along the Northerly line of said Lot No. 2 and said line extended, 200 feet to the
point of beginning, comprising 0.5 acre, more or less in the S/2 of the SE/4 of
Section Nine (9) Township Fifteen (15) North, Range Eighty-Three (83) West of the
Sixth (6th) P.M., in Carbon County, Wyoming.

A tract described as beginning at a point on the South line of Section Nine (9),
Township Fifteen (15) North, Range Eighty-Three (83) West, 1405 feet West of the
South East Corner thereof; thence North 140 feet; thence West 150 feet to the right
bank of the Grand Encampment River; thence Southerly along said right bank 140
feet; thence East 150 feet to the point of beginning, comprising 0.5 acres, more or
less. in the S/2 of the SE/4 of Section Nine (9), Township Fifteen (15) North, Range
Eighty-Three (83) West of the Sixth (6th) P.M. in Carbon County, Wyoming.

A tract described as beginning at a point 1405 feet West and 140 feet North of the
Southeast Corner of Section Nine (9) Township Fifteen (15) North, Range Eighty-
Three (83) West; thence North 24°30' East 120 feet; thence North 50°00' West 150
feet to the right bank of the Grand Encampment River; thence Southwesterly along
said right bank 204.5 feet more or less to the Northwest corner of Lot Number 1;
thence East 150 feet to the point of beginning, comprising 0.5 acre more or less.

2

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Contestants/Petitioners pay to the Carbon County Clerk the sum of Eighteen Thousand Dollars ($18,000.00) as damages consistent with the Report of Viewers and Appraisers, with the sum of Ten Thousand Five Hundred Forty-Eight Dollars ($10,548.00) to be remitted by the County Clerk to Alex J. Horst, by sending a check for such amount to his attorney, C. M. "Steve" Aron, and the sum of Seven Thousand Four Hundred Fifty-Two Dollars ($7,452.00) to be remitted by the County Clerk to R.C.R., Inc., by sending a check for such amount to its attorney, Kermit C. Brown.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon payment of the foregoing amounts, the County Clerk shall record in the Office of the County Clerk and Ex-Officio Register of Deeds the original of this Order and Petitioners/Contestants, their heirs, successors and assigns and all subsequent owners of the Benefitted Lands shall be entitled to possession of the lands described on Exhibits "A," "B" and "C" for the construction, maintenance and use of the private road provided for herein.

DATED this 7th day of _December_, 1999.

                                  CARBON COUNTY BOARD OF
                                  COMMISSIONERS

                            By: _____
                                  Chairman

Copies to:
John A. MacPherson
John R. Vincent
Kermit C. Brown
C. M. "Steve" Aron
Eric Easton

EXHIBIT "A"

April 12, 1999
Carbon County R&B
Rainbow Canyon Access-RCR, inc

"A 30 ft. strip of land in Sec. 16, T15N, R83W, Carbon County, Wyoming, 15 ft. on
each side of the following described centerline:

Beginning at a point on the South line of the North ½ of the Northeast quarter of said
Sec. 16, 15 ft. West of the Southeast corner of said North ½ of the Northeast quarter also
known as the North 1/16 corner between sections 15 and 16;

Thence N 0°00'01"E, 1288.62 ft. parallel to and 15.0 ft. West of the East line of said
Sec. 16 to a point that is 15.0 ft. West of and 15.0 ft. South of the Northeast corner of said
Sec. 16;

Thence N89°33'09"W, 1465.0 ft. parallel to and 15.0 ft. South of the North line of
said Sec. 16 to a point that bears N29°36'50"W, 2994.90 ft. from the East 1/4 corner of said
Sec. 16, said strip being 2753.62 ft. or 166.87 rods in length, and containing 1.896 acres,
more or less."

EXHIBIT "B"

"Modification in any way of the foregoing description is murder for liability of the surveyor"

April 12, 1999
Carbon County R&B
Rainbow Canyon Access-Horst

"A 30 ft. strip of land in Sec. 16, T15N, R83W, Carbon County, Wyoming. 15 ft. on each side of the following described centerline:

Beginning at a point on the North Right of Way line of Carbon County Road 680 which bears S 2°32'39"W, 2579.54 ft. from the East 1/4 corner of said Sec. 16, said point of beginning being in the center of an existing single lane road:

Thence along the said existing single lane road, N 8°13'57"E, 231.13 ft. to a PI;
Thence along the said existing single lane road, N 3°27'26"E, 119.28 ft. to a PI;
Thence along the said existing single lane road, N 1°15'48"E, 378.92 ft. to a PI;
Thence along the said existing single lane road, N 2°34'56"E, 282.14 ft. to a PI;
Thence along the said existing single lane road, N 1°13'58"E, 187.28 ft. to a PI;
Thence along the said existing single lane road, N 0°54'30"W, 123.51 ft. to a PI;
Thence along the said existing single lane road, N 3°50'54"W, 148.31 ft. to a PI;
Thence leaving the said existing road N16°27'35"E, 179.38 ft. to a point 15.0 ft. West of the East line of said Sec. 16;

Thence N 0°20'44"W, 937.74 ft. parallel to and 15.0 ft. West of the East line of said Sec. 16 to a point 15.0 ft. West of the East 1/4 corner of said Sec. 16;

Thence N 0°00'01"E, 1303.63 ft. parallel to and 15.0 ft. West of the East line of said Sec. 16 to a point on the North line of the South 1/2 of the Northeast quarter of Sec. 16 that is 15.0 ft. West of Northeast corner of the South 1/2 of the Northeast quarter of said Sec. 16, also known as the N 1/6 corner between sections 15 and 16, said strip being 3891.32 ft. or 235.84 rods in length, and containing 2.680 acres, more or less."

Robert Jack Smith & Assoc.
CONSULTING
LAND SURVEYORS
Rawlins WY 82301

EXHIBIT "C"

nor detracts or in any way of the foregoing description that notches locally of the surveyor

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 8ᵗʰ day of December, 1999 the foregoing Instrument was served by United States Certified Mail to:

> Mr. John R. Vincent
> Attorney at Law
> 301 East Adams
> Riverton, WY 82501

> Mr. C M. "Steve" Aron
> Aron & Hennig
> 1472 North 5ᵗʰ St., Suite 201
> Laramie, WY 82072

> Kermit C. Brown
> Brown, Nagel, Waters & Hiser, LLC
> 515 Ivinson
> P.O. Box 971
> Laramie, WY 82073-0971

> Mr. Eric A. Easton
> Natrona County Legal Department
> 200 North Center Street
> PO Box 2114
> Casper, WY 82602-2114

And hand delivered to:     Mr. John A. MacPherson
                           MacPherson Law Office
                           410 West Maple Street
                           PO Box 999
                           Rawlins, WY 82301
                           Presented to Jodie Schultz

Linda Ann Smith, Carbon County Clerk

Mailed by.

# IN THE DISTRICT COURT, SECOND JUDICIAL DISTRICT, IN AND FOR CARBON COUNTY, WYOMING

R.C.R., INC., a Wyoming Corporation; JON R. GRAY AND MARTHA K. GRAY,

    Plaintiffs,

vs.

ROBERT E. DELINE AND ANNABELLE M. DELINE; GARY L. PALMER AND NANCY J. PALMER; KIRK COMPANY, A TEXAS PARTNERSHIP; ALEX J. HORST; AND BOARD OF COUNTY COMMISSIONERS, CARBON COUNTY, WYOMING, ARTLIN ZEIGER, LINDA FLEMING AND LEE MEACHAM in their official capacities as members of the Board of County Commissioners, Carbon County, Wyoming,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

STATE OF WYOMING)
                ) ss.
COUNTY OF CARBON)
         FILED

JAN 1 3 2000

LINDY L. SCHMIDT
CLERK OF DISTRICT COURT

BY_____
           DEPUTY

Civil Action No. CV-

## MOTION FOR PEREMPTORY DISQUALIFICATION OF JUDGE

    Plaintiffs, R.C.R., Inc., Jon R. Gray and Martha K. Gray, by and through counsel, pursuant to Rule 40.1(b) W.R.C.P., hereby makes its motion requesting that the Honorable Kenneth E. Stebner be peremptorily disqualified from acting in the captioned case.

    Dated this _12th_ day of January, 2000.

                BROWN, NAGEL, WATERS & HISER, LLC

    By: _____
        Kermit C. Brown
        Brown, Nagel, Waters & Hiser, LLC
        P.O. Box 971
        Laramie, WY 82073-0971
        (307) 745-7458
        Its Attorneys

**EXHIBIT**

B

STATE OF WYOMING   )

COUNTY OF CARBON  )

IN THE DISTRICT COURT

: ss.

SECOND JUDICIAL DISTRICT

R.C.R., INC., a Wyoming
Corporation; JON R. GRAY and
MARTHA K. GRAY,

Plaintiffs,

vs.

CV-00-0012

ROBERT E. DELINE and
ANNABELLE M. DELINE;
GARY L. PALMER and NANCY
J. PALMER; KIRK COMPANY,
A TEXAS PARTNERSHIP; ALEX
J. HORST; and BOARD OF COUNTY
COMMISSIONERS, CARBON COUNTY,
WYOMING, ARTLIN ZEIGER, LINDA
FLEMING and LEE MEACHAM in their
official capacities as members of the Board
of County Commissioners, Carbon County,
Wyoming,

Defendants.

STATE OF WYOMING)
COUNTY OF CARBON) ss.
FILED

JAN 25 2000

LINDY L. SCHMIDT
CLERK OF DISTRICT COURT

BY _____
DEPUTY

## NOTICE OF SETTING

Notice is hereby given that the above-captioned matter is scheduled for a hearing on the

*Motion for Peremptory Disqualification of Judge* for **Tuesday, February 8, 2000 at 1:45**

**o'clock p.m.,** in the District Court, Courthouse Building, Rawlins, Wyoming.

DATED this 25 day of January, 2000.

JUDICIAL ASSISTANT

Copies:
Kermit C. Brown

EXHIBIT

C